UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

**DONNA FAYE SAMMONS,**

    Debtor.

**CHAPTER 13**

**CASE NO. 09-31375-DOT**

**LITTON LOAN SERVICING, L.P., AS SERVICER FOR THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-5,**

    Plaintiff/Movant.

vs.

**DONNA FAYE SAMMONS
AKA DONNA F. SAMMONS
CARL M. BATES, TRUSTEE,**

    Defendants.

## ORDER GRANTING MODIFICATION OF STAY

The Motion of the Movant, Litton Loan Servicing, L.P., as servicer for The Bank of New York Mellon fka The Bank of New York as successor to JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-5, to amend the automatic stay having been served on the Trustee and the Debtor and, upon agreement by Counsel,

It appears that Debtor is in possession of a certain real property located at 7919 Halyard Terrace, Chesterfield, VA 23832, and described as follows:

Eric David White, Esquire
Counsel for Plaintiff
Samuel I. White, P. C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
State Bar #21346
(804) 290-4290

**All that lot or parcel of land, with improvements thereon and appurtenances thereto belonging, lying and being in matoaca district, chesterfield county, Virginia and designated as lot 6, of section III, ashbrook, as shown on a plat by J.K. Timmons and associates, inc., dated April 19, 1990 and recorded may 25, 1990, in the clerk's office, circuit court of the county of chesterfield, Virginia in plat book 71, pages 36 and 37, and amended plat of ashbrook, section 3, dated July 24, 1990, recorded august 14, 1990, in the aforesaid clerk's office to which plats reference is made for a more particular description.**

**Together with all rights and subject to all obligations as set forth in "ashbrook, section iii declaration of covenants and restrictions of the ashbrook community association, inc. and s and b development company of Virginia, inc. as amended, and declaration of rights restrictions affirmative obligations and conditions applicable to section iii in ashbrook" recorded on June 5, 1990, in deed book 2092, page 1200, in the aforementioned clerk's office, notice this conveyance is subject to a foot non-exclusive easement across the side of each lot as described in paragraph 2 of the declaration of rights, restrictions, affirmative obligations and conditions as set forth in such document recorded in deed book 1722 at page 1777 in the aforementioned clerk's office.**

**Parcel # 719667994700000**

Upon consideration, it is **ORDERED**:

(1)  Debtor will resume making all future regular monthly installment payments in the amount of $1,021.07, as they become due commencing September 1, 2010, to include any late charges in the amount of $42.17 effective as of the September 1, 2010 payment, if applicable, pending further notice from the mortgage company.

(2)  Debtor will cure any arrearage currently due to the Movant for the months of June, 2010 through August, 2010, in the total amount of $78.93, which arrears were calculated as follows:

| | |
|---|---|
| 3 monthly payments (06/01/10-08/01/10) @ $1,021.07/month | $3,063.21 |
| Accrued Late Charges | 84.34 |
| Bankruptcy Fees and Costs - Motion For Relief | 800.00 |
| Less Credit for Payments | <3,868.62> |
| **Total** | **$78.93** |

  a.  The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds including but not limited to Union Cashier's Check #3021045, dated 8/12/2010, in the amount of $3,868.62.

  b.   Payment in the amount of $78.93 on or before September 08, 2010.

  c.  All future payments made pursuant to the terms of this order should be forwarded to the following address until further notice:

  Litton Loan Servicing, L.P.
  P.O. Box 4387
  Houston, Texas 77210-4387

**93-019069-10/knp**

(3) In the event that any payment required by this order is not received by the Movant within 15 (fifteen) days after it is due the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to the Court, Counsel for Debtor and the Chapter 13 Trustee by first class mail, postage prepaid or by email at the same time as the notice of default is mailed to the Debtor.  The notice of default will state in simple and plain language:

a. That the Debtor is in default in making at least one payment required under this order;

b. The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

c. The action necessary to cure the default, including any address to which payments must be mailed;

d. That the Debtor or Trustee must take one of the following actions within 14 (fourteen) days after the date of the mailing of the notice of default:

   i. Cure the default;
   ii. File an objection with the Court stating that no default exists; or
   iii. File an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

e. That if the Trustee or Debtors do not take one of the actions set froth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the Court may grant relief from the automatic stay without further notice to the Debtor; and

f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Trustee of Debtors do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Trustee nor Debtors have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Trustee or Debtors file an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee.  At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

(4) The provisions of this order with respect to regular monthly installment payments expire one year after the date of entry of this order.  In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

(5) Until an order is entered terminating the automatic stay, Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in the incorrect amount.  Should Movant, at its option, accept a non-timely payment, it shall be without prejudice and shall not constitute a waiver of any default or of any of its rights pursuant to any other provisions contained within this Order.

(6) The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

(7) *FURTHER ORDERED that the Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable nonbankruptcy law.*

(8) Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $150.00, for issuance of a certificate of default and preparation of an Order Terminating they Automatic Stay.

DATED:

_____
JUDGE

**NOTICE OF JUDGMENT OR ORDER
Entered on Docket**

_____

I ask for this:

**/s/ ERIC DAVID WHITE**

Samuel I. White, P. C.
Eric David White, Esquire, VSBN 21346
Counsel for Litton Loan Servicing, L.P., as servicer for The Bank of New York Mellon fka The Bank of New York as successor to JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-5
1804 Staples Mill Road, Suite 200
Richmond, VA 23230


Seen and Agreed:

**/s/ RICHARD S. CLINGER**

Richard S. Clinger, Esquire
Counsel for Debtor
422 East Franklin Street
Suite 101
Richmond, VA 23219


**93-019069-10/knp**

**/S/ CARL M. BATES**

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA 23218

CERTIFICATE

I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions, paragraph #7 has been approved in Court, and that it has been endorsed by all necessary parties involved in this proceeding.

**/s/ ERIC DAVID WHITE**

Samuel I. White, P. C.

The Clerk shall mail a copy of the entered Order to the following:

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA 23218

Richard S. Clinger, Esquire
Counsel for Debtor
422 East Franklin Street
Suite 101
Richmond, VA 23219

Donna Faye Sammons
Debtor
7919 Halyard Terrace
Chesterfield, VA 23832