UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**In re:**

**DONNA FAYE SAMMONS,**

    **Debtor.**

**CHAPTER 7**

**CASE NO. 09-31375-DOT**

**LITTON LOAN SERVICING, L.P., AS SERVICER FOR THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-5,**

    **Plaintiff.**

**vs.**

**DONNA FAYE SAMMONS
AKA DONNA F. SAMMONS
ROY M. TERRY, JR., TRUSTEE,**

    **Defendants.**

## MOTION FOR RELIEF

**NOTICE**

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

**IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE OF THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AND SERVE A COPY ON THE MOVANT. UNLESS A WRITTEN RESPONSE IS FILED AND SERVED WITHIN THIS FOURTEEN (14) DAY PERIOD, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT FURTHER NOTICE OR HEARING.**

**IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE EXPIRATION OF THE FOURTEEN (14) DAY PERIOD.**

**ATTEND THE PRELIMINARY HEARING SCHEDULED TO BE HELD ON DECEMBER 21, 2010 AT 11:00 AM IN THE U. S. BANKRUPTCY COURT, RICHMOND DIVISION, U. S. COURTHOUSE, 701 EAST BROAD STREET, RICHMOND, VIRGINIA 23219, COURTROOM 5100.**

Eric David White, Esquire
Counsel for Plaintiff
Samuel I. White, P. C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
State Bar #21346
(804) 290-4290

**NOTICE FROM SAMUEL I. WHITE, P. C.**

**PURSUANT TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, WE ADVISE YOU THAT SAMUEL I. WHITE, P. C., COUNSEL FOR THE PLAINTIFF/MOVANT, IS A DEBT COLLECTOR, ATTEMPTING TO COLLECT THE INDEBTEDNESS REFERRED TO HEREIN, AND ANY INFORMATION WE OBTAIN FROM YOU WILL BE USED FOR THAT PURPOSE.**

## MOTION FOR RELIEF

The Motion of Litton Loan Servicing, L.P., as servicer for The Bank of New York Mellon fka The Bank of New York as successor to JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-5, by Counsel, hereby moves the Court for relief from the automatic stay and in support thereof represents unto the Court:

1. This Court has Jurisdiction over this proceeding pursuant to 28 U. S. C. Sections 157 and 1334 and 11 U. S. C. 362 (d), and that this matter is a core proceeding.

2. The Debtor filed a Petition under Chapter 13 of the Bankruptcy Code on March 4, 2009. The case was converted to a proceeding under Chapter 7 of the Bankruptcy Code on November 4, 2010.

3. The Debtor is the owner of the real property located at 7919 Halyard Terrace, Chesterfield, VA 23832, which property is described as:

> **All that lot or parcel of land, with improvements thereon and appurtenances thereto belonging, lying and being in matoaca district, chesterfield county, Virginia and designated as lot 6, of section III, ashbrook, as shown on a plat by J.K. Timmons and associates, inc., dated April 19, 1990 and recorded may 25, 1990, in the clerk's office, circuit court of the county of chesterfield, Virginia in plat book 71, pages 36 and 37, and amended plat of ashbrook, section 3, dated July 24, 1990, recorded august 14, 1990, in the aforesaid clerk's office to which plats reference is made for a more particular description of said property.**
>
> **Together with all rights and subject to all obligations as set forth in "ashbrook, section iii declaration of covenants and restrictions of the ashbrook community association, inc. and s and b development company of Virginia, inc. as amended, and declaration of rights restrictions affirmative obligations and conditions applicable to section iii in ashbrook" recorded on June 5, 1990, in deed book 2092, page 1200, in the aforementioned clerk's office, notice this conveyance is subject to a 2 foot non-exclusive easement across the side of each lot as described in paragraph 2 of the declaration of rights, restrictions, affirmative obligations and conditions as set forth in such document recorded in deed book 1722 at page 1777 in the aforementioned clerk's office.**
>
> **Parcel # 719667994700000**

**93-019069-10/cmj**

4. Upon information and belief, Plaintiff is the holder and/or servicer of a certain Deed of Trust Note dated August 3, 2005, which Note is secured by a Deed of Trust of even date therewith and duly recorded.

5. The account is in arrears for 2 monthly mortgage installments. The approximate reinstatement amount through November 23, 2010 is $3,306.15, calculated as follows:

| | |
|---|---:|
| 2 monthly payments (10/01/10-11/01/10) @ $1,021.07/month | $2,042.14 |
| Accrued Late Charges | 727.89 |
| Foreclosure Fees and Costs | 1,244.12 |
| Bankruptcy Fees and Costs - Motion For Relief | 800.00 |
| Less Debtor's Suspense | <1,508.00> |
| Total | $3,306.15 |

6. The unpaid principal balance due on said note is $124,918.22, and the present approximate payoff balance is $127,825.00.

7. It is the opinion of the Plaintiff that the Debtor is financially unable to maintain said obligation and that Plaintiff will suffer irreparable injury, loss and damage if it is not permitted to foreclose upon its security interest; otherwise Plaintiff is without adequate protection.

8. Debtor's Statement of Intention indicates surrender of the property.

**WHEREFORE**, Plaintiff prays that it be granted relief from the provisions of the automatic stay with regard to the said real property in order to pursue its rights pursuant to the terms of the Note and Deed of Trust, to include the institution of foreclosure proceedings, and further requests that the fourteen (14) day stay be waived incident to any Order entered incident to the Motion for Relief herein, and that it be granted its attorneys fees and costs associated with this Motion for Relief. Plaintiff specifically requests permission from this Honorable Court to communicate with the Debtor and the Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

> LITTON LOAN SERVICING, L.P., AS SERVICER FOR THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-5

**93-019069-10/cmj**

By: **/s/ ERIC DAVID WHITE**
Of Counsel
Samuel I. White, P. C.
Eric David White, Esquire, VSBN 21346
Michael T. Freeman, Esquire, VSBN 65460
1804 Staples Mill Road, Suite 200
Richmond, VA 23230

CERTIFICATE

I hereby certify that a true copy of the foregoing Motion was served by regular mail or email this 23rd day of November, 2010, on all necessary parties including Roy M. Terry, Jr., Esquire, Trustee, Durrette Bradshaw, PLC, P.O. Box 2188, Richmond, VA 23218-2188; Richard S. Clinger, Esquire, Counsel for Debtor, 422 East Franklin Street, Suite 101, Richmond, VA 23219; and Donna Faye Sammons, Debtor, 7919 Halyard Terrace, Chesterfield, VA 23832.

**/s/ ERIC DAVID WHITE**
Samuel I. White, P. C.

**93-019069-10/cmj**